(No. 4848— )

FRED J. PRICE, as Administrator of the Estate of CATHERINE PRICE, Deceased, and FRED J. PRICE, an individual, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 29, 1963.*

JAMES N. KEEFE and HOWARD L. SNOWDEN, Attorneys for Claimants.

300

William G. Clark, Attorney General; William H. South, Assistant Attorney General, for Respondent.

Perlin, C. J.

Claimant, Fred J. Price, filed this action in two counts, one as Administrator of the Estate of Catherine Price, Deceased, and the second in his own behalf. Each count claimed damages of $7,500.00 as a result of an accident, which occurred when claimant's car was struck by a squad car driven by an Illinois State Highway trooper.

The evidence shows that on March 17, 1958, at approximately 12:50 A.M., a 1957 Ford, a squad car, owned by the State of Illinois and being driven by State Trooper Alfred D. Hendricks, smashed into the rear of a car being driven by claimant, Fred J. Price. Officer Hendricks was accompanied by State Trooper Robert Shank. Claimant's wife, Catherine, a passenger in claimant's 1939 Chevrolet coupe, was killed, and plaintiff was injured.

The accident occurred on U.S. Highway No. 24, approximately two miles west of Fowler, Adams County, Illinois. This highway runs in an easterly and westerly direction, and the squad car was proceeding east at the time of the collision.

Claimant, Fred J. Price, had entered U.S. Highway No. 24 from the south just before the collision. He had been traveling north on a gravel road, which intersects U.S. Highway No. 24, and had turned right (or easterly) onto said highway when he was struck.

A stop sign is located at the intersection of U.S. Highway No. 24 and the gravel road in question for ve-

hicles entering the highway. There is a dispute as to whether or not Mr. Price stopped fully at this sign.

Both Hendricks and Shank testified that at the time of the collision they had been chasing a suspected speeder; that they had reached speeds up to 105 miles per hour; that they had approached this intersection at 90 miles per hour without any warning of their approach; and, that they did not use their siren, flashing red light, or horn. Trooper Shank testified that they had pursued the speeding automobile for about 5 or 6 miles. Trooper Hendricks testified that they were acting pursuant to department instructions to get an accurate clocking of the speeding vehicle before using the siren or the red light.

The troopers stated that they had seen the Price car enter the highway; that he did not stop at the stop sign, and they did not then warn of their approach. Officer Charles Lenz, who investigated the accident, testified that, when he spoke to claimant after the accident, Mr. Price told him he did not fully stop at the stop sign, but had shifted into second gear.

Claimant Price testified that he fully stopped at the stop sign; that he saw a car coming about a half-mile to the west; that he then shifted into second gear and entered the highway, turning right. He said he was struck by the police car before he had moved 100 feet along the highway.

Officer Lenz further indicated that, in police training, troopers are taught that, when clocking a speeder, it is more important to afford an approaching vehicle due warning by means of lights and warning sirens than to determine the speed of another car.

Sec. 212(b) of Chap. 95½, 1957 Ill. Rev. Stats., in effect at the time of this accident, provides that, when

an authorized emergency vehicle is operated in the immediate pursuit of an actual or suspected violator of the law, the driver of such vehicle shall sound a siren, whistle or bell when necessary to warn pedestrians and other drivers of its approach.

It is clear from the foregoing that the agents of respondent were guilty of negligence, and that such negligence was the proximate cause of this accident.

Whether or not claimant, Fred Price, did in fact come to a complete stop appears to be of minor importance, since his action does not appear to be a contributing factor in causing the accident. The evidence is clear that claimant had already completed his turn, and had driven about 100 feet when respondent's agents crashed into the rear of his car.

The question next arises as to the amount of recovery, which should be allowed claimant. Prior to the filing of this claim against the State of Illinois, Fred J. Price, as Administrator of the Estate of Catherine Price, Deceased, gave a covenant not to sue Alfred Hendricks and Robert Shank for the consideration of $3,000.00. Fred J. Price, as an individual, gave a covenant not *to* sue Alfred Hendricks and Robert Shank for the consideration of $1,000.00. These amounts must be considered in the rendering of any award, *Martin* vs. *State of Illinois,* 22 C.C.R. 179.

Since damages for wrongful death are limited to pecuniary loss, it is necessary to examine the claim of the Estate of Catherine Price for $7,500.00. Mrs. Price left eight grown children surviving. According to the testimony, she did free baby-sitting, sewing, canning, cooking and cleaning regularly for six of them, in addition to tending to her own housework.

According to the mortality tables admitted into evidence, the life expectancy of a female, aged 65, was 15.5 years. It is the opinion of this Court that the Estate of Catherine Price be awarded, in addition to the $3,000.00 it has already received, the sum of $2,000.00.

Claimant, Fred J. Price, testified that he had not worked from the time of the accident to the time of the hearing, a period of 2½ years; that he could no longer carry with his left hand, or lift anything; that he was regularly employed as a farm hand, earning $125.00 per month, plus being furnished with housing before the accident; that his medical bills amounted to $259.20. He said that after the accident he lived first with a son, then a daughter, and did not return to his home. Other than claimant's own testimony and the bill of particulars, there was no corroborating medical report, either written or oral, as to the extent or permanency of the injuries allegedly suffered by Fred J. Price.

It is the opinion of this Court that Fred J. Price be awarded, in addition to the $1,000.00 he has already received, the sum of $1,500.00.